# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PARIS JAMES, | ) | |
|     Plaintiff, | ) | Civil Action No. 14-69Erie |
| | ) | |
| v. | ) | District Judge McVerry |
| | ) | |
| DEBRA SAUERS, et al, | ) | Magistrate Judge Baxter |
|     Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is respectfully recommended that Correctional Officer John Doe 1 and Correctional Officer John Doe 2 be dismissed without prejudice from this action due to Plaintiff's failure to serve them in accordance with the Federal Rules of Civil Procedure.

**II.    REPORT**

    **A.  Relevant Procedural History**

This civil action was filed in this Court on March 3, 2014. Plaintiff, an inmate in state custody, brought this civil rights action alleging that his constitutional rights have been violated by many Defendants in numerous ways. Plaintiff's seventy-five page Amended Complaint details a campaign of retaliation beginning in February of 2011. Beyond many retaliation claims, Plaintiff raises numerous other federal constitutional violations under the First, Eighth and Fourteenth Amendments.

As Defendants to this action, Plaintiff has named: Debra Sauers; Eric Tice; Michael Overmyer; Wanye Cole; Andre Repco; Paul Ennis; Kim Smith; Bruce Simons; Jeffery Moll; Lieutenant E. Apadac; Lieutenant Murn; Rhonda Sherbine; Edward Heberling; Angelo Perillo; Michelle Crowder; Dr. McGarvie; Nurse Jane Doe; and Correctional Officers Wilson, Hollis, Gadley, Asp, Filtenberger, Griffin, and John Does 1 and 2. Plaintiff recently identified Nurse Jane Doe as Jean Puhl and service of her has been ordered.

According to the docket, Defendants Correctional Officers John Doe 1 and 2 have not been named or served. This Court held a telephonic hearing on several pending motions on March 10, 2015, at which time Plaintiff acknowledged that he does not know the identity of the John Doe Defendants.

Federal Rule of Civil Procedure 4(m) provides the Court may dismiss a defendant who is not served within 120 days of the filing of the complaint. In the instant action, the complaint was filed in March of 2014. As of today's date, Plaintiff has not served (or identified) either John Doe Defendant. Accordingly, they should be dismissed from this action without prejudice.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Correctional Officer John Doe 1 and Correctional Officer John Doe 2 be dismissed without prejudice from this action due to Plaintiff's failure to serve them in accordance with the Federal Rules of Civil Procedure.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation. Any party opposing the

objections shall have fourteen (14) days from the date of service of Objections to respond thereto.  See Fed.R.Civ.P. 72(b)(2).  Failure to file timely objections may constitute a waiver of appellate rights.  See Brightwell v. Lehman, 637 F.3d 187, 194 n.7 (3d Cir. 2011); Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated:  March 11, 2015