IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PARIS L. JAMES, | ) | |
|     Plaintiff, | ) | Civil Action No. 1:14-cv-00069 |
| | ) | |
| v. | ) | District Judge Rothstein |
| | ) | |
| DEBRA SAUERS, et al, | ) | Magistrate Judge Susan Paradise Baxter |
|     Defendants. | ) | |

# MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

## I. RECOMMENDATION

It is respectfully recommended that the motion to dismiss filed by Defendant Moll [ECF No. 98] be granted as to the Fourteenth Amendment, retaliation, conspiracy, and failure to supervise claims and denied as to the Eighth Amendment claims.

## II. REPORT

### A. Relevant Procedural History

This civil action was filed in this Court on March 3, 2014. Plaintiff, an inmate in state custody, brought this civil rights action alleging that many Defendants have violated his constitutional rights in numerous ways. After some Defendants filed a motion to dismiss [ECF No. 14], Plaintiff filed a proposed Amended Complaint, which was deemed filed. ECF No. 20. Plaintiff's seventy-five page Amended Complaint details a campaign of retaliation beginning in February 2011. Besides many retaliation claims, Plaintiff raises numerous other federal constitutional violations under the First, Eighth, and Fourteenth Amendments.

1

Plaintiff identifies Defendant Moll as an employee in the psychology department at SCI-Forest who is responsible for prescribing "psychic medication" and providing mental health care to inmates in the Restricted Housing Unit. ECF No. 20, ¶12. Defendant Moll is represented by private counsel.

Liberally construing Plaintiff's Amended Complaint against Defendant Moll, Plaintiff alleges[1]:

- Defendant Moll acted with deliberate indifference when he deprived Plaintiff of mental health care;

- Defendant Moll participated in a conspiracy with other Defendants to deprive Plaintiff of mental health care;

- Defendant Moll retaliated against Plaintiff for his protected speech and conduct;

- Defendant Moll violated Plaintiff's Fourteenth Amendment rights when Defendant revoked Plaintiff's prescribed treatment and classification treatment for mental health; and

- Defendant Moll failed to supervise when his subordinates used retaliation to deprive Plaintiff of his mental health treatment.

ECF No. 20-12, ¶¶ 288-289, 293, 296-297, and 299-301. Plaintiff has attached numerous exhibits to his Amended Complaint.[2]

In response to Plaintiff's Amended Complaint, Defendant Moll filed a motion to dismiss. ECF No. 96, 98. Thereafter, Plaintiff has filed an opposition brief. ECF Nos. 104-105. This motion is fully briefed and is ripe for disposition by this Court.

---

[1] Plaintiff's ADA claims have been dismissed. ECF No. 44; ECF No. 50.

[2] The use of these exhibits by this Court does not convert Defendant's motion to dismiss for failure to state a claim into a motion for summary judgment. Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002) ("[C]ertain matters outside the body of the complaint itself, such as exhibits attached to the complaint and facts of which the court will take judicial notice, will not trigger the conversion of a Federal Rule of Civil Procedure 12(b)(6) to a Federal Rule of Civil Procedure 56 motion for summary judgment.").

### B. Standards of Review

#### 1. *Pro Se* Litigants

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Dep't of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court may consider facts and make inferences where it is appropriate.

#### 2. Motion to dismiss pursuant to Rule 12(b)(6)

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim

3

to relief that is plausible on its face." Twombly, 550 U.S. at 570 (rejecting the traditional 12(b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

A Court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). A plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556, citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D. Del.) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556 n.3.

The Third Circuit has expounded on the Twombly/Iqbal line of cases:

> To determine the sufficiency of a complaint under <u>Twombly</u> and <u>Iqbal</u>, we must take the following three steps:
>
>> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

<u>Burtch v. Milberg Factors, Inc.</u>, 662 F.3d 212, 221 (3d Cir. 2011) <u>quoting</u> <u>Santiago v. Warminster Twp.</u>, 629 F.3d 121, 130 (3d Cir. 2010).

### C. Plaintiff's allegations

Plaintiff contends Defendant Moll was deliberately indifferent to his mental health problems. ECF No. 20, ¶ 199; ECF No. 20-12, ¶ 288. Plaintiff claims these mental health issues were exacerbated following an alleged assault on March 9, 2012. <u>Id</u>. at ¶¶ 199-200. Plaintiff began experiencing panic attacks, migraines, loss of sleep, and hearing voices. <u>Id</u>.

In order to remedy his mental deterioration, Plaintiff wrote to Defendant Simons in the Psychology Department on March 30, 2012. <u>Id</u>. at ¶ 199. After ignoring Plaintiff's initial request, Defendant Simons came to examine Plaintiff on an unspecified date. <u>Id</u>.at ¶ 200. During this examination, Defendant Simons told Plaintiff that Defendants Tice, Overmyer, Ennis, and Cole instructed him not to give Plaintiff any mental health treatment. <u>Id</u>. at ¶ 201. Defendant Simons told Plaintiff he would inform Defendant Dr. Moll that Plaintiff needed to see him, but cautioned Plaintiff that Defendant Moll could not do anything for him. <u>Id</u>.

During May 2012, Plaintiff sent two inmate requests to Defendant Moll requesting mental health treatment. <u>Id</u>. at ¶ 203. After receiving no response, on June 4th, Plaintiff filed an inmate grievance regarding the lack of mental health treatment. <u>Id</u>. at ¶ 204. Overall, Plaintiff

5

claims the lack of mental health treatment constituted a variety of constitutional violations prompting this legal action.

### D. The Eighth Amendment Claim

Defendant Moll moves to dismiss Plaintiff's Eighth Amendment claim for failure to state a claim.

In the medical context, a constitutional violation under the Eighth Amendment occurs only when prison officials are deliberately indifferent to serious medical needs. Estelle v. Gamble, 429 U.S. 97 (1976). The standard is two-pronged, "[i]t requires deliberate indifference on the part of prison officials and it requires that the prisoner's medical needs be serious." West v. Keve, 571 F.2d 158, 161 (3d Cir. 1978).

A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Monmouth County Corr'al. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987).

Deliberate indifference to a serious medical need involves the "unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 104. Such indifference can be manifested by an intentional refusal to provide care, delayed medical treatment for non-medical reasons, denial of prescribed medical treatment, a denial of reasonable requests for treatment that results in suffering or risk of injury, Durmer v. O'Carroll, 991 F.2d 64, 68 (3d Cir. 1993), or "persistent conduct in the face of resultant pain and risk of permanent injury" White v. Napoleon, 897 F.2d 103, 109 (3d Cir. 1990).

However, mere misdiagnosis or negligent treatment is not actionable under § 1983 as an Eighth Amendment claim because medical malpractice is not a constitutional violation. Estelle, 429 U.S. at 106. "While the distinction between deliberate indifference and malpractice can be subtle, it is well established that so long as a physician exercises professional judgment, his behavior will not violate a prisoner's constitutional rights." Brown v. Borough of Chambersburg, 903 F.2d 274, 278 (3d Cir. 1990).

Deliberate indifference is generally not found when some level of medical care has been offered to the inmate. Clark v. Doe, 2000 WL 1522855, at *2 (E.D. Pa. 2000) ("[C]ourts have consistently rejected Eighth Amendment claims where an inmate has received some level of medical care"). There is necessarily a distinction between a case in which the prisoner claims a complete denial of medical treatment and one where the prisoner has received some medical attention and the dispute is over the adequacy of the treatment. United States ex rel. Walker v. Fayette County, 599 F.2d 533, 575 n.2 (3d Cir. 1979). "Mere disagreements over medical judgment" do not rise to the level of an Eighth Amendment violation. White, 987 F.2d at 110.

Here, Defendant Moll argues Plaintiff failed to set forth any facts which allege Defendant had knowledge of Plaintiff's need for mental health care. ECF No. 96, page 5 ("Dr. Moll's personal involvement in these claims and actual knowledge of Plaintiff's condition is [sic] not pleaded."). However, the exhibits attached to the Amended Complaint indicate that prison officials believed Dr. Moll examined Plaintiff on June 11, 2012. ECF No. 20-8, page 4. In response to a grievance, the author specifically stated that Defendant Moll met with Plaintiff on June 11, 2012, to discuss Plaintiff's mental health concerns. Id. Although Plaintiff's Amended Complaint does not outline what happened in this meeting, Plaintiff's brief in opposition clarifies that Defendant Moll did not listen to Plaintiff's complaints or provide any treatment plan at this

7

meeting. ECF No. 105, page 9. Therefore, taking all of Plaintiff's factual allegations and exhibits as true, Plaintiff has alleged enough facts for his Eighth Amendment claim to overcome Defendant's motion to dismiss.[3]

### E. The Conspiracy Claim

Defendant argues Plaintiff has failed to allege the requisite *prima facie* elements of his conspiracy claim.

In order to state claim for conspiracy under § 1983, the plaintiff must allege: (1) the existence of a conspiracy involving state action; and (2) a deprivation of civil rights in furtherance of the conspiracy by a party to the conspiracy. Eichelman v. Lancaster Cty., 510 F. Supp. 2d 377, 392 (E.D. Pa. 2007). A conspiracy is defined as a "combination of two or more persons to do a criminal act, or to do an unlawful act by unlawful means or for an unlawful purpose." See Ammlung v. City of Chester, 494 F.2d 811, 814 (3d Cir.1974). A plaintiff must make "factual allegations of combination, agreement, or understanding among all or between any of the defendants [or coconspirators] to plot, plan, or conspire to carry out the alleged chain of events." Hammond v. Creative Fin. Planning Org., Inc., 800 F. Supp. 1244, 1249 (E.D. Pa. 1992)

---

[3] Plaintiff also claims Defendant Moll's alleged "revocation of a proscribed [sic] treatment and classification treatment for mental health" is a violation of his Fourteenth Amendment rights. ECF No. 20-12, ¶¶ 295-297. However, any stand-alone Fourteenth Amendment right is subsumed by the Eighth Amendment claim. Noting its "reluctan[ce] to expand the concept of substantive due process," the Supreme Court has established the "more-specific-provision rule." County of Sacramento v. Lewis, 523 U.S. 833, 842-43 (1998). Under this rule, "if a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." United States v. Lanier, 520 U.S. 259, 272 n.7 (1997). See also Betts v. New Castle Youth Dev. Ctr., 621 F.3d 249, 260 (3d Cir. 2010). Because Plaintiff alleges the same facts in support of all of his constitutional claims, the Court need not independently analyze those facts under a Fourteenth Amendment substantive due process cause of action, but only under the more specific Eighth Amendment.

(citing Ammlung, 494 F.2d at 814). It is not enough that the end result of the parties' independent conduct caused plaintiff harm or even that the alleged perpetrators of the harm acted in conscious parallelism. Spencer v. Steinman, 968 F. Supp. 1011, 1020 (E.D. Pa. 1997)

Here, Plaintiff's asserts Defendant Moll along with other Defendants "condoned, participated, and conspired to manipulate and deprive Plaintiff his continued need for serious mental health care…" ECF No. 20-12, ¶¶ 289, 299-301. Plaintiff asserts he met with Defendant Simons of the Psychology Department to discuss his mental health issues. ECF No. 20, ¶¶ 200-201. At this meeting, Defendant Simons allegedly told Plaintiff that he was instructed by other Defendants not to provide any mental health treatment to Plaintiff. Id. When Plaintiff requested to see Defendant Moll, Defendant Simons stated he would pass along Plaintiff's request, but cautioned Plaintiff that Defendant Moll could not do anything for Plaintiff either. Id.

In Plaintiff's brief in opposition to Defendant's motion to dismiss, Plaintiff claims he eventually met with Defendant Moll on June 11, 2012, but states Defendant Moll did not listen to Plaintiff's complaints or provide a treatment plan for his mental health issues. ECF No. 105, page 12-13. Plaintiff believes Defendant's lack of treatment is evidence of a common conspiracy between Defendants.

However, Plaintiff does not provide any factual averments that suggest Defendant Moll agreed or had knowledge of a conspiracy against Plaintiff. Instead, Plaintiff makes an assumption that Defendant Moll's decision against mental health treatment at their meeting is proof that Defendant Moll is involved in a conspiracy. Mere accusations of a conspiracy without any factual averments are not enough to survive a motion to dismiss. As such, Defendant's motion to dismiss this claim should be granted.

### F. The Retaliation Claim

Defendant argues Plaintiff has failed to meet the requisite *prima facie* elements of his retaliation claim. It is well-settled that "[g]overnment actions, which standing alone, do not violate the Constitution, may nonetheless by constitutional torts if motivated in substantial part by a desire to punish an individual for exercise of a constitutional right." Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003) quoting Allah v. Seiverling, 229 F.3d 220, 224-24 (3d Cir. 2000).

In order to state a *prima facie* case of retaliation, a prisoner plaintiff must show:

1) The conduct in which he was engaged was constitutionally protected;
2) He suffered "adverse action" at the hands of prison officials; and
3) His constitutionally protected conduct was a substantial or motivating factor in the decisions to discipline him.

Carter v. McGrady, 292 F.3d 152, 157-58 (3d Cir. 2002) quoting Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001). It is plaintiff's burden to establish the three elements of a *prima facie* retaliation claim.

The filing of grievances or a lawsuit satisfies the constitutionally protected conduct prong of a retaliation claim. Rauser, 241 F.3d at 333; Milhouse v. Carlson, 652 F.2d 371, 373-74 (3d Cir. 1981).

To allege the "adverse action" necessary to fulfill the second prong, the prisoner plaintiff must claim facts that demonstrate that defendants' action were "sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights." Allah v. Al-Hafeez, 208 F.Supp.2d 520, 535 (E.D. Pa. 2002) quoting Allah, 229 F.3d at 225.

To allege the third prong of his retaliation claim, the plaintiff must plead facts that show a causal connection between his constitutionally protected activity of filing complaints and

grievances and the adverse action he allegedly suffered at the hands of the defendants. "To establish the requisite causal connection a plaintiff usually must prove either (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link." Lauren W. v. DeFlaminis, 480 F.3d 259, 267-68 (3d Cir. 2007). "In the absence of that proof the plaintiff must show that from the 'evidence gleaned from the record as a whole' the trier of the fact should infer causation." Id. quoting Farrell v. Planters Lifesavers Co., 206 F.3d 271, 281 (3d Cir. 2000). The Third Circuit has emphasized that courts must be diligent in enforcing these causation requirements. Id.

Here, even liberally construing Plaintiff's allegations, he has failed to factually plead any of the elements necessary to establish a potential retaliation claim against Defendant Moll. Instead, Plaintiff only broadly states Defendant Moll and others deprived him of mental health care "in retaliation for Plaintiff's protected speech and conduct." ECF No. 20-12, ¶ 293. Plaintiff has not alleged what his protected speech or conduct was which caused the deprivation of mental health care or how the two are causally related. [4] Defendant's motion to dismiss should be granted as to the retaliation claim.

---

[4] In his opposition brief, Plaintiff explains that his protected conduct was his filing of a grievance on June 4, 2012, complaining about a lack of mental health treatment. ECF No. 105, page 14. However, Plaintiff's retaliation claim still fails as he has not satisfied the second and third prongs of the *prima facie* claim as Plaintiff has failed to identify any adverse action he suffered. An exhibit attached to the Amended Complaint reveals that Plaintiff was seen by Dr. Moll shortly after Plaintiff filed the grievance. ECF No. 20-8, page 4. Plaintiff's opposition brief explains that he was not pleased with the outcome of that consultation. However, disagreement with a doctor's treatment does not constitute adverse action. See Coen v. Chen, 2016 WL 3167575, at * 3 (E.D. Cal. 2016) ("A bare allegation that Plaintiff filed a grievance against Dr. Chen, and that, over one year later, Dr. Chen made a medical decision that Plaintiff disagreed with, does not state a claim for retaliation."); Camara v. Fredrickson, 2014 WL 2870636 (D. Ariz. 2014) ("[A]llegations of a difference of opinion regarding medical treatment do not state an adverse action."); Sepulveda v. Lee, 2013 WL 1898549, at *3 (C.D. Cal. 2013) ("Even considering the totality of plaintiff's

### G. The Failure to Supervise Claim

Defendant argues Plaintiff has failed to provide any allegations that support a failure to supervise claim. When a supervisory official is sued in a civil rights action, liability can only be imposed if that official played an "affirmative part" in the complained-of misconduct. Chinchello v. Fenton, 805 F.2d 126, 133 (3d Cir. 1986). Although a supervisor cannot encourage constitutional violations, a supervisor has "no affirmative constitutional duty to train, supervise or discipline so as to prevent such conduct." Id. quoting Brown v. Grabowski, 922 F.2d 1097, 1120 (3d Cir. 1990), cert. denied, 501 U.S. 1218 (1991). The supervisor must be personally involved in the alleged misconduct. Rode v. Dellarciprete, 845 F.2d 1958, 1207 (3d Cir.1988). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) quoting Rode, 845 F.2d at 1207). Section 1983 liability cannot be predicated solely on *respondeat superior.* Rizzo v. Goode, 423 U.S. 362 (1976); see also Monell v. Dep't of Social Services, 436 U.S. 658 (1978).

Here, Plaintiff alleges Defendant Moll "condoned, participated, and conspired to manipulate and deprive Plaintiff of his continued need for serious mental health care, where Defendants cause[d] or contributed to and failed to supervise when their subordinates used

---

allegations in his complaint and assertions in his declaration, however, plaintiff has not demonstrated that prison medical staff took adverse actions against him. What plaintiff has demonstrated is that he frequently disagrees with the decisions of the medical staff at Ironwood, but this alone would not support a successful retaliation claim…"); Williams v. Fisher, 2003 WL 22170610, at *11 (S.D. N.Y. 2003) ("Therefore, even if Plaintiff disagreed, had Dr. Perilli decided that in his medical opinion daily morning heat treatment was no longer appropriate to treat Plaintiff's condition, these actions would not support a claim for deliberate indifference to a serious medical condition.").

retaliation to deprive Plaintiff of his mental health treatment needs…" ECF No. 20-12, ¶¶ 299-301.

It is unclear as to who Defendant Moll failed to supervise as Plaintiff has not identified any of Moll's subordinates in the Amended Complaint. Plaintiff does not provide any factual averments as to Defendant Moll's supervisory role in any retaliatory acts against Plaintiff. Even in his opposition brief, Plaintiff states generally that Moll "failed to properly supervise the Psychology Department." ECF No. 105, page 16. However, Plaintiff does not provide names or the particular misconduct by the psychology department that Defendant Moll had knowledge of or condoned. Therefore, Plaintiff has not alleged a proper failure to supervise claim and Defendant's motion to dismiss should be granted in this regard.

### H. Punitive Damages

Defendant argues punitive damages are not an available remedy for the claims brought by Plaintiff.

Punitive damages may be awarded based on a constitutional violation, provided the proper showing is made. Allah v. Al-Hafeez, 226 F.3d 247, 251–52 (3d Cir. 2000); See Alexander v. Riga, 208 F.3d 419, 430 (3d Cir.2000); see also Smith v. Wade, 461 U.S. 30, 56, (1983) (stating punitive damages may be awarded under 42 U.S.C. § 1983 'when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.' "). "The purpose of punitive damages is to punish the defendant for his willful or malicious conduct and to deter others from similar behavior." Memphis Cmty. Sch. Dist. v. Stachura, 477 U.S. 299, 307 (1986).

Here, there are still pending claims against Defendant following his motion to dismiss. In particular, it is possible that Plaintiff's Eighth Amendment or retaliation claims could uncover other evidence that would be significant to a punitive damages analysis. Therefore, this Court should not bar Plaintiff from potentially receiving punitive damages at this stage of the proceedings.

### III. CONCLUSION

It is respectfully recommended that the motion to dismiss filed by Defendant Moll [ECF No. 98] be granted as to the Fourteenth Amendment, retaliation, conspiracy, and failure to supervise claims and denied as to the Eighth Amendment claims.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties are allowed fourteen (14) days from the date listed below to file objections to this Report and Recommendation. Failure to do so will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: November 16, 2016

cc: The Honorable Barbara Rothstein
United States District Judge