IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PARIS L. JAMES,           )
    Plaintiff,              )        Civil Action No. 1:14-69ERIE
                          )
    v.                      )        District Judge Baxter
                          )
DEBRA SAUER, et al,       )
    Defendants.             )

## MEMORANDUM OPINION

Presently before this Court is a motion for default judgment against Defendant Angelo Perillo. ECF No. 194. For the reasons that follow, the motion is granted.

**Relevant Procedural History**

This civil action was filed in this Court on March 3, 2014.[1] Plaintiff, an inmate in state custody and acting *pro se*[2], brought this civil rights actions alleging that many Defendants

---

[1] During the pendency of this entire action, the United States District Court for the Western District of Pennsylvania has been beset by several lengthy judicial vacancies. Consequently, this case has been reassigned many times. In 2014, this case was initially assigned to the undersigned, then a United States Magistrate Judge, and upon the request for a United States District Judge by one of the parties, the case was reassigned to District Judge J. Frederick Motz of the District of Maryland and referred to the undersigned as Magistrate Judge. In January of 2015, the case was transferred to District Judge McVerry of the Western District of Pennsylvania as the presiding judge and the undersigned remained as the referred Magistrate Judge. In October of 2016, the case was reassigned again, this time to District Judge Barbara Rothstein of the Western District of Washington with referral to the undersigned. Following the resolution of motions for summary judgment in April of 2018, the case was referred back to District Judge Rothstein for trial and the undersigned was taken off the case in her capacity as a Magistrate Judge. Judge Rothstein then reassigned the case to District Judge Cathy Bissoon of the Western District of Pennsylvania for trial. On September 14, 2018, the undersigned was sworn in as a United States District Judge and this action was reassigned to this Court's docket on September 17, 2018. ECF No. 210.

[2] *Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521 (1972). If the

1

violated his constitutional rights in numerous ways. Plaintiff's seventy-five page Amended Complaint details a campaign of retaliation beginning in February 2011. ECF No. 20. Besides many retaliation claims, Plaintiff also raised numerous other federal constitutional violations under the First, Eighth, and Fourteenth Amendments. As of today's date, some of the original Defendants and some of the original claims have been dismissed, while others will likely proceed to a jury trial in the near future. In his Amended Complaint, Plaintiff alleges that Defendant Perillo violated his Eighth and Fourteenth Amendment rights.

As a retired Department of Corrections employee, Defendant Perillo was given the option to have a Commonwealth attorney represent him in his defense of this matter. Perillo accepted the terms of this legal representation with the Commonwealth which required, *inter alia*, cooperation in the defense of the matter. The Office of the Attorney General represented Perillo from the time when he was initially served with the original complaint through June of 2017. In a motion filed that month, counsel for the Office of the Attorney General requested permission to withdraw as Perillo's attorney due to Perillo's failure to cooperate with counsel to respond to discovery since March of 2015. The undersigned granted the motion and allowed the Office of the Attorney General to withdraw its representation of Perillo. ECF No. 134. Since that time, Perillo has not defended this action in any way.

---

court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969). Because Plaintiff is a *pro se* litigant, this Court may consider facts and make inferences where it is appropriate.

On April 9, 2018, Plaintiff filed a request for default and the Clerk of Court entered default against Defendant Perillo on April 11, 2018. ECF No. 196; ECF No. 197.[3]

Presently pending before this Court is Plaintiff's motion for default judgment against Defendant Perillo. ECF No.194.

**Federal Rule of Civil Procedure 55**

Federal Rule of Civil Procedure 55(b)(2) provides that a district court may enter default judgment against a party when default has been entered by the Clerk of Court. The entry of default by the Clerk, however, does not automatically entitle the non-defaulting party to a default judgment. Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984); D'Onofrio v. Il Mattino, 430 F.Supp.2d 431, 437 (E.D. Pa. 2006). Rather, the entry of default judgment is a matter within the sound discretion of the district court. Hritz, 732 F.2d at 1180. The Third Circuit has enumerated three factors that govern a district court's determination as to whether a default judgment should be entered: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000) citing United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984). "However, when a defendant has failed to appear or respond in any fashion to the complaint, this analysis is necessarily one-sided; entry of default judgment is typically appropriate in such circumstances at least until the defendant comes forward with a motion to set aside the default judgment pursuant

---

[3] By Order dated January 30, 2018, this Court denied Plaintiff's "Motion to Hold Defendant Angelo Perillo in Civil Contempt Pursuant to Fed.R.Civ.P. 70(e)" as Rule 70 was no the appropriate vehicle for the relief Plaintiff sought. The Court advised that it would entertain a motion for default judgment pursuant to Rule 55 as to Defendant Perillo. ECF No. 178.

to Rule 55(c)." Mount Nittany Medical Center v. Nittany Urgent Care, P.C., 2011 WL 5869812, at *1 (M.D. Pa. 2011) citing Anchorage Assocs. v. Virgin Is. Bd. of Tax Rev., 922 F.2d 168, 177 n.9 (3d Cir. 1990).

**Plaintiff's motion for default judgment**

Here, at least two of the three foregoing factors weigh in favor of granting default judgment against Defendant Perillo. At this time, Defendant Perillo has been in default since, at least June of 2017, and there is every reason to believe that such default will continue for the foreseeable future. Thus, if default judgment is denied, Plaintiff will be prejudiced by his inability to effectively enforce his constitutional rights against a violating party simply because that party chooses to avoid responding to the complaint or to otherwise defend himself. Moreover, many of the factual allegations involving Perillo also involve Defendant Heberling who died before this case was filed. ECF No. 45. Perillo's refusal to cooperate with discovery requests, coupled with Heberling's death, are prejudicial to Plaintiff's claims. As to the second factor, because Defendant Perillo has failed to participate in this litigation in any meaningful way for well over a year (and failed to cooperate with his own counsel for over three years), the Court cannot speculate as to whether Perillo has a litigable defense. This Court finds that Perillo's delay is based upon his own culpable conduct. Perillo was aware of the lawsuit having been filed, originally chose to be represented by the Commonwealth's attorney, and agreed to cooperate with counsel in his own defense. Despite countless efforts by his own counsel to communicate with him (as detailed in the motion to withdraw and status conferences leading up thereto), Perillo's conduct in ignoring his counsel's attempts at communication satisfy the culpable conduct prong as they are willful and taken in bad faith. See Gross v. Sterro Component

Sys., Inc., 700 F.2d 120, 124 (3d Cir. 1983). Thus, entry of default judgment against Defendant Perillo is appropriate. See, e.g., Broadway Music, Inc. v. Spring Mt. Area Bavarian Resort, Ltd., 555 F.Supp.2d 537, 542 (E.D. Pa. 2008) (entering default judgment where there was "nothing in the record to suggest that defendants have a litigable defense as to liability," and where defendants' decision not to defend against a complaint's allegations was found to be grounds for concluding that default was culpable); Mount Nittany, 2011 WL 5869812, at *1.

While default judgment will be entered, the Court finds that Plaintiff has not provided any support for the requested amount of damages.[4] At present, the Court lacks adequate information to review Plaintiff's request for damages as there is not documentation to explain Plaintiff's calculations of his damages. The Court is charged with "an obligation to assure that there is a legitimate basis for any damage award it enters" under Rule 55(b)(2). See Anheuser Busch, Inc. v. Philpot, 317 F.3d 1264, 1266 (11th Cir. 2003). While Plaintiff has not adequately supported his claim for the requested amount of damages, the Court does not find that a hearing is necessary under Rule 55(b)(2)(B) to determine the amount of damages due, at this time. See 10 James Wm. Moore, et al., Moore's Federal Practice § 55.32[2][c] (Matthew Bender ed. 2010) ("[T]he "hearing" may be one in which the court asks the parties to submit affidavits and other materials from which the court can decide the issue"). However, Plaintiff will be required to submit evidence in support of his claimed damages. If Plaintiff is unable to adequately support his claims for damages with documentary submissions, the Court may schedule an evidentiary hearing on the matter.

An appropriate order will follow.

---

[4] Attached to his request for entry of default is Plaintiff's request for damages against Defendant Perillo in the amount of $50,000.00 in compensatory damages, $50,000.00 in punitive damages, and $3,000.00 for the reimbursement of court costs. ECF No. 196, page 6.

5

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States District Judge

Dated: October 5 , 2018