# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PARIS L. JAMES,<br>    Plaintiff, | )<br>)<br>) | Civil Action No. 1:14-cv-69 |
| v. | )<br>)<br>) | District Judge Baxter |
| DEBRA SAUERS, et al,<br>    Defendants. | )<br>) | |

## MEMORANDUM OPINION

By Order dated October 5, 2018, this Court entered default judgment against Defendant Angelo Perillo and directed Plaintiff to file evidence in support of his claimed damages. ECF No. 215; ECF No. 216. Plaintiff's evidence is presently before this Court. ECF No. 230.

**Relevant Procedural History**

On March 3, 2014, Plaintiff Paris James, an inmate in state custody and acting *pro se*, brought this civil rights action alleging that multiple Defendants violated his constitutional rights in numerous ways. Plaintiff alleged that Defendant Perillo violated his Eighth and Fourteenth Amendment rights. ECF No. 20.

As a retired Department of Corrections employee, Defendant Perillo was given the option to have a Commonwealth attorney represent him in his defense of this matter. Perillo accepted the terms of this legal representation with the Commonwealth which required, *inter alia*, cooperation in the defense of the matter. The Office of the Attorney General represented Perillo from the time he was initially served with the original complaint through June of 2017. In a motion filed that month, counsel for the Office of the Attorney General requested permission to withdraw as Perillo's attorney due to Perillo's failure since March 2015 to cooperate with

1

counsel with a discovery response. The undersigned granted the motion and allowed the Office of the Attorney General to withdraw its representation of Perillo. ECF No. 134. Since that time, Perillo has not defended this action in any way.

The Clerk entered default against Perillo and this Court granted default judgment. ECF No. 197; ECF No. 216. The remaining Defendants, represented by the Office of the Attorney General, and Mr. James, ably represented by pro bono counsel for settlement purposes only, entered into settlement negotiations through this Court's pro bono prisoner mediation program. Those efforts were successful, leading to the settlement of all claims against all remaining Department of Corrections Defendants, with the exception of Mr. Perillo.

The only remaining matter in this case is the assessment of the damages attributable to Defendant Perillo.

**Plaintiff's Request for Damages**

"A consequence of the entry of a default judgment is that 'the factual allegations of the complaint ... will be taken as true.'" *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) *citing 10 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure*, § 2688 at 444 (2d ed. 1983). Here, Plaintiff alleges that Defendant Perillo violated his Eighth and Fourteenth Amendment rights.

The Court is charged with "an obligation to assure that there is a legitimate basis for any damage award it enters" under Rule 55(b)(2). See <u>Anheuser Busch, Inc. v. Philpot</u>, 317 F.3d 1264, 1266 (11th Cir. 2003).[1] Plaintiff asserts that he lost his prison job as a painter where he

---

[1] The Court does not find that a hearing is necessary under Rule 55(b)(2)(B) to determine the amount of damages due. *See* 10 James Wm. Moore, et al., *Moore's Federal Practice* §

2

earned $72.00 per month as a result of Perillo's actions.[2] Plaintiff seeks this wage over a seven-year period, which by this Court's calculation is $6048.00. Plaintiff also argues that he should be compensated for his suffering and his relocation to a prison further away from his family. However, Plaintiff has not provided any basis for his $45,000.00 calculation of these damages or for his calculation of $50,000.00 in punitive damages.

Default judgment will be entered in the amount of $6048.00 for compensatory damages, plus court costs of $500.00. An appropriate order will follow.

---

55.32[2][c] (Matthew Bender ed. 2010) ("[T]he "hearing" may be one in which the court asks the parties to submit affidavits and other materials from which the court can decide the issue").

[2] Based on this Court's experience reviewing institutional account statement of inmates in the Pennsylvania Department of Corrections, this figure does not seem unreasonable.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PARIS L. JAMES,<br> Plaintiff, | ) ) ) | Civil Action No. 1:14-cv-69 |
| v. | ) ) ) | District Judge Baxter |
| DEBRA SAUERS, et al,<br> Defendants. | ) ) | |

ORDER

AND NOW, this 16 day of October, 2019;

IT IS HEREBY ORDERED that judgment is granted in favor of Plaintiff Paris James and against Defendant ANGELO PERILLO, in the total amount of $6584.00.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States District Judge

4