IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PARIS L. JAMES,** | ) | |
|     **Plaintiff** | ) | |
| | ) | |
| vs. | ) | C.A.No. 14-CV-69 ERIE |
| | ) | |
| **DEBRA SAUERS, et al.** | ) | District Judge Baxter |
|     **Defendants.** | ) | |

### MEMORANDUM ORDER

In 2019, Plaintiff Paris L. James, represented by counsel, and the Department of Corrections Defendants[1] reached a settlement of Mr. James' claims and, following some delay, all obligations regarding the settlement were fulfilled in January 2020, and the case was closed.

Mr. James, now acting pro se, has filed a motion in which he complains that the Department of Corrections has breached that settlement agreement.[2] He explains that after a recent transfer to a different correctional institution, much of his property has been confiscated in direct violation of the settlement agreement. Mr. James seeks the following relief: (1) an evidentiary hearing regarding the continued breach of the agreement; (2) appointment of counsel;

---

[1] One retired named Defendant, Angelo Perillo, was not included in the settlement of Mr. James' claims. As required, the Office of the Attorney General undertook representation of Mr. Perillo in defense of the claims against him at the outset of the litigation and until the time when Mr. Perillo failed to cooperate with his counsel during discovery. In 2017, after several years of unsuccessful attempts to secure Mr. Perillo's cooperation, the undersigned (then the Magistrate Judge on the matter) granted the motion to allow the Office of the Attorney General to withdraw its representation of Mr. Perillo. ECF No.134.

[2] Mr. James has filed two other motions which are related to this motion. One is a motion to appoint counsel. ECF No. 264. The second is styled as "Motion for Extraordinary, Mandatory, Prohibitory, Prospective Interim Alternative Writ of Mandamus Relief, Preliminary Injunctive Relief." ECF No. 265. Both seek relief related to the settlement agreement.

(3) in camera review of the eight boxes of unlawfully confiscated materials; (4) "enjoinder" related to another active case presently pending before Magistrate Judge Cynthia Eddy; and (5) relief from judgment pursuant to Rule 60[3]. ECF No. 256.

When "a district court dismisses an action pursuant to a settlement agreement, that court lacks jurisdiction to enforce that settlement agreement unless the obligation of the parties to comply with the settlement agreement is made part of the dismissal order or there is an independent basis for exercising jurisdiction." *Hayes v. Gilmore*, 2022 WL 2668533, at *1 (W.D. Pa. July 11, 2022) *citing Dominion Dev. Grp., LLC v. Beyerlein*, 774 Fed. App'x 757, 759 (3d Cir. 2019). In this case, neither the settlement agreement [*see* ECF No. 264-2], the parties' Stipulation of Dismissal [ECF No. 240], or this Court's Order granting dismissal [ECF No. 241] indicate that this Court will retain jurisdiction over this matter. Accordingly, to the extent that Plaintiff seeks relief for a breach of the settlement agreement, his remedy is not found at this docket number and his motion will be denied.[4]

Therefore, this 14th day of July 2022;

IT IS HEREBY ORDERED that Plaintiff's motion [ECF No. 256] is denied in all respects.

---

[3] Enforcement of a settlement agreement, through damages or specific performance, is more than a continuation of the lawsuit and is not handled under Rule 60(b)(6). *See* 13 Charles Alan Wright & Arthur Miller, *Federal Practice and Procedure* § 2864 n.7 (3d ed. 2013) *citing Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).

[4] Settlement agreements are contracts (*Gillespie v. Dring*, 2022 WL 1741888, at *2 (3d Cir. May 31, 2022); *In re Cendant Corp. Prides Litig.*, 233 F.3d 188, 193 (3d Cir. 2000)) and "[w]hen the rights sought to be enforced against the Commonwealth are created by a contract, the state Board of Claims retains exclusive jurisdiction over the action." *Bond v. Horne*, 2015 WL 4878493, at *9 (W.D. Pa. Aug. 14, 2015).

IT IS FURTHER ORDERED that Plaintiff's motion to appoint counsel [ECF No. 264] and Plaintiff's motion for writ of mandamus/preliminary injunction [ECF No. 265] are DENIED.

/s/ Susan Paradise Baxter<br>
SUSAN PARADISE BAXTER<br>
United States District Judge