IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PARIS L. JAMES,              ) | |
|     Plaintiff,            ) | Civil Action No. 1:14-69 |
|                                 ) | |
|     v.                        ) | District Judge Baxter |
|                                 ) | |
| DEBRA SAUER, et al,      ) | Re: ECF No. 268 |
|     Defendants.         ) | |

## MEMORANDUM ORDER

On October 16, 2019, this Court entered judgment against Defendant Angelo Perillo ("Perillo") and in favor of Plaintiff Paris L. James ("James") in the amount of $6584.00. *See* ECF No. 237. James has now filed a motion for a writ of mandamus and for "enforcement of default money judgment" whereby he asks the Court to order Perillo to satisfy the judgment or "compensate Plaintiff." ECF No. 268, ¶ 9. In the alternative, James asks the Court to find Perillo, or his successors, in contempt pursuant to Federal Rule of Civil Procedure 25.

At the outset, the Court has no authority to mandamus itself. *See, e.g., Thomas v. Love*, 2025 WL 1557276, at *1 (E.D. Tex. June 2, 2025). *See also Will v. United States*, 389 U.S. 90, 104 (1967) ("Mandamus will not lie to correct mere abuses of discretion."). Moreover, mandamus is an "extraordinary remedy" available only where the petitioner demonstrates "(1) a clear and indisputable right to the relief sought, (2) the absence of an adequate alternative remedy, and (3) the writ is appropriate under the circumstances." *Hollingworth v. Perry*, 558 U.S. 183, 190 (2010); *In re Pressman-Gutman Co.*, 459 F.3d 383, 398 (3d Cir. 2006). Here, James cannot satisfy these criteria. Federal courts do not generally act as collection agents. That is why the Federal Rules of Civil Procedure provide a comprehensive framework for enforcing judgments. Under Rule 69(a)(1), "[a] money judgment is enforced by writ of execution, unless

1

the Court directs otherwise," and execution proceedings "must accord with the procedure of the state where the court is located." These provisions place the responsibility for initiating collection efforts on the judgment creditor. *Peacock v. Thomas*, 516 U.S. 349, 356-57 (1996); *Elliot v. Kiesewetter*, 98 F.3d 47, 52 (3d Cir. 1996).

James has adequate alternative remedies—such as applying for writs of execution, garnishment, or attachment—consistent with Rule 69 and the relevant state law procedures. Because these remedies are available, mandamus is inappropriate. *See In re Kensington Int'l Ltd.*, 353 F.3d 211, 219 (3d Cir. 2003) (mandamus is reserved for situations where no other remedy exists). James' motion for a writ of mandamus is denied.

To the extent James seeks an order holding Perillo or his successors in contempt, that motion is denied. A party seeking to have an adversary held in civil contempt must establish by clear and convincing evidence that (i) there is a valid court order; (ii) the adversary had knowledge of that order; and (iii) the adversary disobeyed that order. *Roe v. Operation Rescue*, 919 F.2d 857, 868 (3d Cir. 1990). Moreover, where civil contempt is warranted, district courts have broad discretion in fashioning an appropriate remedy, including incarceration. *See Andrews v. Holloway*, 256 F.R.D. 136, 148 (D.N.J. 2009) (citing *Ne. Women's Ctr., Inc. v. McMonagle*, 939 F.2d 57, 70 (3d Cir. 1991)).

It may initially seem that contempt is warranted in this case: it appears that (i) there is a valid Court order; (ii) there is no indication on the record that Perillo is unaware of it; and (iii) Perillo has failed to comply with its terms. But James' motion ignores the fact that "[a] money judgment is enforced by a writ of execution, unless the court directs otherwise." *See* Fed. R. Civ. P. 69(a). Interpreting that rule, federal courts have consistently held that "[a]lternative methods of enforcement are not favored unless a writ would be an inadequate remedy, and contempt

sanctions should be imposed as an enforcement method only in exceptional circumstances." *N.J. Bld'g Laborers' Statewide Benefit Funds & the Trustees Thereof v. Gen. Civil Corp.*, 2009 WL 2778313, at *2 (D.N.J. Sept. 1, 2009) (citing Moore's Federal Practice § 69.02 (3d ed. 2003)). The Court finds that it would be inappropriate to impose the drastic penalty of civil contempt because, as Rule 69(a) indicates, James should first seek to enforce the Judgment through a writ of execution. *See, e.g., Trs. of Int'l Union of Operating Eng'rs Loc. 825 Emp. Benefit Funds v. J.T. Cleary, Inc.*, 2018 WL 1972790, at *2 (D.N.J. Apr. 26, 2018).

AND NOW, this 29th day of September 2025;

IT IS HEREBY ORDERED that Plaintiff's Motion for Writ of Mandamus for Writ of Execution and Enforcement of Default Money Judgment [ECF No. 268] is DENIED.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States District Judge